# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

BILLIE JEROME ALLEN,

          Petitioner-Appellant,     :     No. 20-3361

         v.                                :      CAPITAL CASE

T. J WATSON, Warden,

          Respondent-Appellee.

_____

## PETITIONER-APPELLANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S INITIAL BRIEF

Petitioner-Appellant Billie Allen, through counsel, respectfully moves this Honorable Court for an extension of time from January 8, 2021 through and including March 9, 2021 to file Appellant's Initial Brief. This request is made pursuant to Fed R. App. P.26(b) and Circuit Rule 26. In support of this motion, an affidavit of counsel is attached.

                                                     Respectfully submitted,

                                                     /s/ Alex Kursman
                                                     Alex Kursman
                                                     Federal Community Defender Office
                                                     for the Eastern District of Pennsylvania
                                                     Curtis Center, Suite 545-West
                                                     601 Walnut Street
                                                     Philadelphia, PA 19106
                                                     215-928-0520
                                                     Alex_Kursman@fd.org

Dated: December 30, 2020

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| BILLIE JEROME ALLEN, | : | |
| Petitioner-Appellant, | : | No. 20-3361 |
| v. | : | CAPITAL CASE |
| T. J WATSON, Warden, | : | |
| Respondent-Appellee. | : | |

## AFFIDAVIT

Assistant Federal Defender Alex Kursman, being duly sworn upon oath deposes and states as follows:

1. I am counsel for Billie Jerome Allen, Appellant in *Allen v. Watson*, 20-3361, which is currently pending before this Court. I am submitting this affidavit in support of Appellant's Unopposed Motion for an Extension of Time to File Appellant's Initial Brief. This is Appellant's first request for an extension.

2. Mr. Allen is a federal prisoner housed at the United States Penitentiary at Terre Haute under a sentence of death. In 1998, in the United States District Court for the Eastern District of Missouri, Mr. Allen was convicted of two counts in connection with the same bank robbery and murder: Count 1 under 18 U.S.C. § 2113(a) & (e) (armed robbery in which a killing occurs) and

Count 2 under 18 U.S.C. § 924(c) & (j) (carrying or using a firearm during a crime of violence in which a murder occurs). Mr. Allen was sentenced to life imprisonment without the possibility of parole on Count 1 and to death on Count 2.

    3.    Mr. Allen's conviction and sentence were affirmed by the United States Court of Appeals for the Eighth Circuit. *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001). The Supreme Court granted certiorari and remanded in light of *Ring v. Arizona*, 536 U.S. 584 (2002). *Allen v. United States*, 536 U.S. 953 (2002). On remand, a panel of the Eight Circuit vacated Mr. Allen's death sentence. *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004). The en banc Eighth Circuit subsequently reversed and reinstated the death sentence. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005), *cert. denied Allen v. United States*, 127 S. Ct. 826 (2006).

    4.    Mr. Allen filed a motion to vacate the convictions and sentence and for a new trial pursuant to 28 U.S.C. § 2255, which was denied. The denial was affirmed on appeal. *Allen v. United States*, 829 F.3d 965 (8th Cir. 2016).

    5.    In 2016, Mr. Allen filed an Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h) in the Eighth Circuit. The application argued that bank robbery under 18 U.S.C. § 2113, which served as the predicate crime of violence for Mr. Allen's 18 U.S.C. § 924(j) conviction and death

sentence, did not fall under § 924(c)'s force clause, and that pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction under § 924(j) and corresponding death sentence should be vacated. On July 26, 2016, a split panel of the Eighth Circuit denied the application to file a second or successive petition. *Allen v. United States*, 836 F.3d 894, 894-95 (8th Cir. 2016).

6. On June 24, 2016, Mr. Allen filed a petition pursuant to 28 U.S.C. § 2241 in the District Court for the Southern District of Indiana, raising the same claim for which the Eighth Circuit denied his application to raise a second or successive § 2255 petition. *Allen v. Daniels*, No. 2:16-cv-00257-JMS-MJD (S.D. Ind.), ECF No. 1. That petition is at issue in this appeal. On May 18, 2020, the district court denied the petition. ECF No. 48. The district court also denied a timely motion to alter or amend judgment, pursuant to F.R.C.P. 59(e), on October 9, 2020. ECF No. 51. Mr. Allen filed a timely notice of appeal on December 4, 2020. ECF No. 52.

7. Appellant's initial brief is currently due on January 8, 2021. Appellant is respectfully requesting an additional sixty days up to an including March 9, 2021, to file the initial brief

8. Mr. Allen's appeal is complex. This appeal challenges, *inter alia*, the denial of review under 28 U.S.C. § 2241 of claims for relief based on *Johnson v.*

*United States* and its progeny. Appellant must address, *inter alia*, (1) whether § 2113 falls under § 924(c)'s force clause; (2) the threshold factors set forth by 28 U.S.C. § 2255(h) for the filing of a successive § 2255 motion; (3) the standard set forth by § 2255(e) (§ 2255's "savings clause"), which relates to when relief under § 2241 is appropriate; and (4) the relationship between *Johnson*, convictions under § 924(j), and the savings clause. Given the complexity of these issues and the significance of this capital case, counsel for Appellant cannot conduct the careful briefing and research needed to provide this Court with a professionally adequate appellate brief by January 8, 2021.

9. Additionally, among other pressing matters, undersigned counsel represents another federal death row prisoner, Dustin Higgs, who is scheduled for execution on January 15, 2021. The United States District Court for the District of Columbia has ordered that an evidentiary hearing take place on Mr. Higgs's lethal injection claims during the week of January 4, 2021. *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-0145 (TSC) (D. D.C.). I also serve as co-lead counsel in *Glossip v. Chandler*, No. 5:14-cv-00665-F (W.D. Okla.), in which death sentenced prisoners in Oklahoma are challenging Oklahoma's death penalty protocol. Discovery has commenced and concludes on February 12, 2021, and a trial is scheduled for May 3, 2021. ECF No. 341.

10. Accordingly, Appellant is requesting an extension of sixty days until March 9, 2021 to file Appellant's initial brief.

11. On December 30, 2020, I inquired with counsel for Appellees regarding this extension request, and counsel for Appellees indicated that they have no objection to this request.

FURTHER AFFIANT SAYETH NOT.

                              Respectfully submitted,

                              /s/ Alex Kursman
                              Alex Kursman
                              Federal Community Defender Office
                              for the Eastern District of Pennsylvania
                              Curtis Center, Suite 545-West
                              601 Walnut Street
                              Philadelphia, PA 19106
                              215-928-0520
                              Alex_Kursman@fd.org

Dated: December 30, 2020

## CERTIFICATE OF SERVICE

I, Alex Kursman, hereby certify that on this 30th day of December, 2020, I submitted the foregoing document via the Court's electronic filing system to:

>Brian L. Reitz
>Assistant United States Attorney
>10 West Market Street
>Suite 2100
>Indianapolis, IN  46204

>/s/ Alex Kursman
>Alex Kursman