_____

|  |  |  |
|---|---|---|
| BILLIE JEROME ALLEN, | : | |
| | : | |
| Petitioner-Appellant, | : | No. 20-3361 |
| | : | |
| v. | : | CAPITAL CASE |
| | : | |
| T. J WATSON , Warden, | : | |
| | : | |
| Respondent-Appellee. | : | |

_____ :

**PETITIONER-APPELLANT'S UNOPPOSED MOTION FOR EXTENSION**
**OF TIME TO FILE APPELLANT'S INITIAL BRIEF**

Petitioner-Appellant, Billie Allen, through counsel respectfully moves this

Honorable Court for an extension of time from March 9, 2021 through and

including May 10, 2021 to file Appellant's Initial Brief.  This request is made

pursuant to Fed R. App. P.26(b) and Circuit Rule 26.  In support of this motion, an

affidavit of counsel is attached.

Respectfully submitted,

/s/ Alex Kursman
Alex Kursman
Federal Community Defender Office
for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Alex_Kursman@fd.org

Dated:  February 26, 2021

_____

|                           |   |                |
|---------------------------|---|----------------|
| BILLIE JEROME ALLEN,      | : |                |
|                           | : |                |
| Petitioner-Appellant,     | : | No. 20-3361    |
|                           | : |                |
| v.                        | : | CAPITAL CASE   |
|                           | : |                |
| T. J WATSON , Warden,     | : |                |
|                           | : |                |
| Respondent-Appellee.      | : |                |

_____

## AFFIDAVIT

Assistant Federal Defender Alex Kursman, being duly sworn upon oath deposes and states as follows:

1. I am counsel for Billie Jerome Allen, Appellant in *Allen v. Watson*, 20-3361, which is currently pending before this Court. I am submitting this affidavit in support of Appellant's Unopposed Motion for an Extension of Time to File Appellant's Initial Brief. This is Mr. Allen's second request for an extension. On December 30, 2020, this Court issued an Order granting Mr. Allen's first request for an extension of time, extending the time to file Appellant's Initial Brief from January 8, 2021 to March 9, 2021.

2. Mr. Allen is a federal prisoner housed at the United State Penitentiary at Terre Haute under a sentence of death. In 1998 in the United States District

Court for the Eastern District of Missouri, Mr. Allen was convicted of two counts in connection with the same bank robbery and murder: Count 1 under 18 U.S.C. § 2113(a) & (e) (armed robbery in which a killing occurs) and Count 2 under 18 U.S.C. § 924(c) & (j) (carrying or using a firearm during a crime of violence in which a murder occurs). Mr. Allen was sentenced to life imprisonment without the possibility of parole on Count 1 and to death on Count 2.

3.      His conviction and sentence were affirmed by the United States Court of Appeals for the Eighth Circuit. *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001). The Supreme Court granted certiorari and remanded in light of *Ring v. Arizona*, 536 U.S. 584 (2002). *Allen v. United States*, 536 U.S. 953 (2002). On remand, a panel of the Eight Circuit vacated Mr. Allen's death sentence. *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004). The en banc Eighth Circuit subsequently reversed and reinstated the death sentence. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005), *cert. denied Allen v. United States*, 127 S. Ct. 826 (2006).

4.      Mr. Allen filed a motion to vacate the convictions and sentence and for a new trial pursuant to 28 U.S.C. § 2255, which was denied. The denial was affirmed on appeal. *Allen v. United States*, 829 F.3d 965 (8th Cir. 2016).

5.    In 2016, Mr. Allen filed an Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h) in the Eighth Circuit. The application argued that bank robbery under 18 U.S.C. § 2113, which served as the predicate crime of violence for Mr. Allen's 18 U.S.C. § 924(j) conviction and death sentence, did not fall under § 924(c)'s force clause and that pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction under § 924(j) and corresponding death sentence should be vacated. On July 26, 2016, a split panel of the Eighth Circuit denied the application to file a second or successive petition. *Allen v. United States*, 836 F.3d 894, 894-95 (8th Cir. 2016).

6.    On June 24, 2016, Mr. Allen filed the § 2241 petition at issue in this appeal, raising the same claim for which the Eighth Circuit denied his application to raise a second or successive § 2255 petition in the District Court for the Southern District of Indiana.  *Allen v. Daniels*, No. 2:16-cv-00257-JMS-MJD (S.D. Ind.), ECF No. 1.  On May 18, 2020, the district court denied the petition.  ECF No. 48.  The district court also denied a timely motion to alter or amend judgment, pursuant to F.R.C.P. 59(e), on October 9, 2020.  ECF No. 51.  Mr. Allen filed a timely notice of appeal on December 4, 2020.  ECF No. 52.

7.     Mr. Allen's initial brief is currently due on March 9, 2021.  Mr. Allen is respectfully requesting an additional sixty days up to an including May 10, 2021, to file the initial brief.

8.     Undersigned counsel requests the extension of time for two independent reasons.  First, undersigned counsel needs to discuss the pending appeal with Mr. Allen.  Because of the ongoing COVID-19 pandemic, it is difficult to visit Mr. Allen at the United State Penitentiary at Terre Haute and consult with Mr. Allen about the instant appeal.  Additionally, Mr. Allen is currently hospitalized and therefore undersigned counsel cannot communicate with Mr. Allen at the current time.  The extension request would ensure that undersigned counsel could consult with Mr. Allen before filing the Appellant's Initial Brief.  Second, undersigned counsel currently has a heavy case-load and the instant appeal is complex.

9.     As described in the first extension request, this appeal challenges, *inter alia*, the denial of review under 28 U.S.C. § 2241 of claims for relief based on *Johnson v. United States* and its progeny.  Mr. Allen must address, *inter alia*, (1) whether § 2113 falls under § 924(c)'s force clause; (2) the threshold factors set forth by 28 U.S.C. § 2255(h) for the filing of a successive § 2255 motion; (3) the standard set forth by § 2255(e) (§ 2255's "savings clause"), which relates to when

relief under § 2241 is appropriate; and (4) the relationship between *Johnson*, convictions under § 924(j), and the savings clause. Mr. Allen must also address the recent Seventh Circuit opinions addressing these issues. Given the complexity of these issues and the significance of this capital case, undersigned counsel cannot conduct the careful briefing and research needed to provide this Court with a professionally adequate appellate brief by March 9, 2021.

10. Among other pressing matters, I am co-lead counsel in *Glossip v. Chandler*, No. 5:14-cv-00665-F (W.D. Okla.), in which death sentenced prisoners in Oklahoma are challenging Oklahoma's death penalty protocol. Pre-trial proceedings are currently taking place and a trial is scheduled for May 3, 2021. ECF No. 341.

11. Accordingly, Appellant is requesting an extension of sixty days until May 10, 2021 to file Appellant's initial brief.

12. On February 25, 2021, I inquired with counsel for Appellees regarding this extension request, and counsel for Appellees indicated that they have no objection to this request.

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted,


/s/ Alex Kursman
Alex Kursman
Federal Community Defender Office
for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Alex_Kursman@fd.org

Dated:  February 26, 2021

# CERTIFICATE OF SERVICE

I, Alex Kursman, hereby certify that on this 26th day of February, 2021,

I submitted the foregoing document via the Court's electronic filing system

to:

Carrie Constantin
United States Attorney's Office
Eastern District of Missouri
111 S. 10th Street
St. Louis, MO 63102


/s/ Alex Kursman
Alex Kursman